IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAWN DEASE,<br><br>      PLAINTIFF,<br>v.<br><br>DISCOVER FINANCIAL SERVICES LLC,<br><br>      DEFENDANT. | Civil Action No.: _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

Plaintiff Dawn Dease, by and through her undersigned attorneys, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1. This is an action for an award of damages and other relief on behalf of Plaintiff Dawn Dease (hereinafter "Ms. Dease" or "Plaintiff"), a former employee of Discover Financial Services LLC ("Discover" or "Defendant"). Ms. Dease has been harmed by Discover's discrimination on the basis of her pregnancy and disabilities or perceived disabilities, and by Discover's retaliation against her for seeking accommodations of her disabilities and pregnancy including seeking and taking leave pursuant to the Family Medical Leave Act, culminating in her wrongful termination. Additionally, Discover failed to engage in the requisite good-faith, interactive process with respect to accommodating Ms. Dease's disabilities and pregnancy related symptoms.

2. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq. ("Title VII", the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), and the Family Medical Leave Act, 29 U.S.C. § 2611, et seq. ("FMLA").

## JURISDICTIONAL STATEMENT

3. This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. This Court has supplemental jurisdiction over any Delaware state law claims alleged herein pursuant to 28 U.S.C. § 1367.

6. All conditions precedent to the institution of this suit have been fulfilled. On November 9, 2021, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed as a Complaint with the Delaware Department of Labor. On March 10, 2022, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice.

## VENUE

7. This action properly lies in the District of Delaware, pursuant to 28 U.S.C. § 1391(b).

8. This action properly lies in the District of Delaware because significant activities associated with the claims alleged took place in this judicial district, Plaintiff performed her work for Defendant in this judicial district, Plaintiff was terminated in this judicial district, and the claims arose in this judicial district.

## PARTIES

9. Plaintiff Dawn Dease is an adult female citizen and resident of Bear, Delaware and the United States of America.

10. Defendant Discover Financial Services LLC is a financial services company with a location in New Castle, Delaware, where Plaintiff was employed.

11. Defendant does significant business within the State of Delaware.

12. At all relevant times, upon information and belief, Defendant is and has been an employer employing more than five-hundred (500) employees.

13. At all relevant times, employees of Defendant acted as agents and servants for Defendant.

14. At all relevant times, employees of Defendant were acting within the scope of their authority and in the course of employment under the direct control of Defendant.

15. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

16. This cause of action arose out of transactions or occurrences that took place in whole or in part in New Castle, Delaware. Defendant conducts substantial business within New Castle, Delaware.

17. This Honorable Court has personal jurisdiction over the Defendant

## FACTS

18. Beginning on or about October 2, 2019, Ms. Dease was employed as a Customer Service Representative for Discover at its New Castle, Delaware branch located at 12 Reads Way, New Castle, Delaware 19720.

19. While employed at Discover, Ms. Dease excelled in her position and performed her duties in an excellent and professional manner.

20. Despite her loyalty and consistent performance, during her employment with Discover, Ms. Dease was subjected to discrimination and harassment on the basis of her disabilities or perceived disabilities and her pregnancy, and was retaliated against for seeking reasonable accommodation of her disabilities and her pregnancy, including seeking and taking FMLA leave, culminating in her wrongful termination on May 18, 2021. Discover also failed to engage in the requisite good-faith interactive process with respect to accommodating Ms. Dease's disabilities and pregnancy.

21. In or about September 2020, after Ms. Dease had been employed by Discover for approximately eleven months, Ms. Dease became pregnant.

22. In or about January 2021, when she was around four months pregnant, Ms. Dease began experience debilitating migraines.

23. This caused, among other things, nonstop vomiting and blurry vision.

24. Ms. Dease also suffered from cataracts caused by the pregnancy.

25. Ms. Dease applied for short-term disability on several occasions, but was repeatedly denied.

26. As such, Ms. Dease used all her sick leave and was eventually compelled to take leave under the Family and Medical Leave Act ("FMLA") in order to tend to her health conditions developed as a result of her pregnancy.

27. Ms. Dease's FMLA leave was scheduled to expire on April 13, 2021.

28. However, Ms. Dease's conditions continued to cause severe pain, sickness and vision issues, compelling Ms. Dease to submit a doctor's note that extended her FMLA leave until May 17, 2021.

29. On or about May 7, 2021, Ms. Dease provided Discover's Leave Operations and Accommodations Team ("Discover LOA Team") with documentation and accommodation paperwork to request an accommodation in the form of Continuous Leave.

30. On May 14, 2021, Ms. Dease received a response from Discover denying her request for a continued leave of absence ("LOA") and stating that the accommodations Discover could provide Ms. Dease were limited to four partial absences per month, two additional unpaid 15-minute breaks, break flexibility, and glare screens.

31. Discover indicated that if Ms. Dease did not return to work by May 18, 2021, Ms. Dease would be terminated.

32. On May 17, 2021, Ms. Dease replied to the email urging Discover to reconsider the termination given her health status during her pregnancy.

33. Notably, Ms. Dease had made every effort to return to work, having regularly communicated with her physicians and taken multiple medications with the intention to report to work as soon as her disabilities could be well managed.

34. Ms. Dease and her physicians kept Discover well informed about her progress.

35. Ms. Dease informed Discover that she would be providing a doctor's note confirming that she was unable to return to work at that time as her migraines and cataracts were causing blurry vision and consistent vomiting.

36. Ms. Dease also told Discover that she had an appointment scheduled for July 15, 2021 to address her disabilities and determine next steps to address her conditions.

37. On May 18, 2021, Ms. Dease's healthcare provider emailed Discover LOA Team requesting that Ms. Dease be granted an extension of her LOA due to migraines, visual disturbance along with other symptoms.

38. Ms. Dease and her healthcare provider made clear that the LOA request was not a request for indefinite leave. Ms. Dease's healthcare provider indicated that she anticipated that Ms. Dease would be able to return in July or after delivery.

39. Moreover, Ms. Dease's request for an extension of leave was not unreasonable, as Ms. Dease was afflicted with severe disabilities resulting from her pregnancy that negatively impacted her ability to work, and thus she requested leave with the express purpose of using that time to treat her disabilities and recover from her pregnancy so that she could return to work.

40. Despite Ms. Dease's request for an accommodation of a limited additional period of leave due to her disabilities that resulted from her pregnancy, Discover terminated Ms. Dease on May 18, 2021.

41. Ms. Dease received a letter from Discover dated May 19, 2021 confirming her termination effective the day prior.

42. The timing of Ms. Dease's termination, with respect to her pregnancy, disabilities, and requests for accommodation, coupled with the failure of Discover to accommodate Ms. Dease or engage in any good-faith interactive process with respect to accommodating her disabilities or her pregnancy, make clear that that Discover terminated Ms. Dease as a result of discrimination and retaliation.

43. Given her termination during her employment with Discover and the circumstances surrounding her termination, as set forth in detail above, Ms. Dease maintains that she was discriminated against on the basis of her disabilities or perceived disabilities, and her pregnancy, and that she was subjected to retaliation for seeking accommodation of her disabilities and pregnancy, including in the form of FMLA leave.

44. Ms. Dease was subjected to discrimination and harassment on the basis of her disabilities or perceived disabilities, and her pregnancy and was retaliated against for seeking accommodation for her pregnancy and disabilities, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., the Family and Medical Leave Act, 29 U.S.C. § 2611, et seq. Discover also failed to engage in the requisite good-faith, interactive process with respect to accommodating Ms. Dease's disabilities and pregnancy.

45. Ms. Dease has suffered and continues to suffer mental anguish and severe emotional distress as a proximate result of the actions and inactions of Defendant.

46. Defendant and its employees acted with the intent of causing, or in reckless disregard of the probability, that their actions would cause Ms. Dease severe emotional distress.

47. Ms. Dease has suffered financial losses including, among other things, lost wages, and an obligation for attorneys' fees and costs of bringing suit as a direct and proximate result of the actions and inactions of Defendant.

## COUNT I
**Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act**

48. Plaintiff Dawn Dease repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

49. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act.

50. In discriminating against Ms. Dease because of her sex and pregnancy, and retaliating against Ms. Dease for seeking accommodations, Defendant violated Title VII.

51. Defendant's violations were intentional and willful.

52. Defendant's violations warrant the imposition of punitive damages.

53. Plaintiff is suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

54. As a direct result of the unlawful employment practices engaged in by Defendant, Plaintiff Dawn Dease has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay and interest due thereon.

## COUNT II
### The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

55. Plaintiff Dawn Dease repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

56. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of the Americans with Disabilities Act.

57. In discriminating against Ms. Dease on the basis of her disability and/or because Defendant regarded Ms. Dease as disabled, in retaliating against Ms. Dease for seeking reasonable accommodation, and in failing to engage in the requisite good-faith,

interactive process with respect to accommodating Ms. Dease's disabilities, Defendant violated the ADA.

58. Said violations were intentional and willful.

59. Said violations warrant the imposition of punitive damages.

60. As the direct and proximate result of Defendant's violation of the Americans with Disabilities Act, Plaintiff Dawn Dease has sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

## COUNT III
## The Family and Medical Leave Act, 29 U.S.C. § 2611, et seq.

61. Plaintiff Dawn Dease repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

62. Defendant's conduct, in retaliating against Ms. Dease for requesting and taking medical leave pursuant to the Family and Medical Leave Act, violated the FMLA.

63. Defendant's violations of the FMLA were intentional and willful, as Defendant knew or should have known the requirements of the FMLA.

64. Defendant's violations of the FMLA warrant the imposition of liquidated damages.

65. As a direct and proximate result of Defendant's violations of the FMLA, Ms. Dease has sustained a loss of earnings, severe emotional and psychological distress, personal embarrassment, loss of self-esteem, loss of earning power, back-pay, front-pay, interest due thereon, and has incurred attorneys' fees and costs.

## PRAYER FOR RELIEF

66. Plaintiff Dawn Dease repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

WHEREFORE, Plaintiff Dawn Dease respectfully requests that this Court enter judgment in her favor and against Defendant, and Order:

a. Appropriate equitable relief;

b. Defendant compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination, harassment and retaliation;

c. Defendant compensate Plaintiff with the wages and other benefits and emoluments of employment lost due to Defendant's unlawful conduct;

d. Defendant pay Plaintiff punitive damages;

e. Defendant pay Plaintiff liquidated damages

f. Defendant pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

g. Defendant pay Plaintiff's costs of bringing this action, including, but not limited to, Plaintiff's reasonable attorneys' fees;

h. Plaintiff be granted any and all other remedies available; and

i. Such other and further relief as is deemed just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues so triable.

*/s/ Ronald L. Daugherty*
Ronald L. Daugherty, Esquire
I.D. No. 5713
Salmon, Ricchezza, Singer & Turchi LLP,
222 Delaware Avenue, 11th Fl.
Wilmington, DE 19801
(302) 396-8397
RDaugherty@srstlaw.com

*Of Counsel:*

Christopher A. Macey, Jr., Esquire
Bell & Bell LLP
One Penn Center
1617 JFK Blvd. – Suite 1254
Philadelphia, PA  19103
(215) 569-2285
christophermacey@bellandbelllaw.com

          *Attorneys for Plaintiff Dawn Dease*

Dated:  June 7, 2022